IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–00825–EWN–MEH

SUSAN LEDERMAN,

    Plaintiff,

v.

ANALEX CORPORATION, and
RELIANCE STANDARD LIFE INSURANCE COMPANY,

    Defendants.

---

# ORDER AND MEMORANDUM OF DECISION

---

This matter comes before the court on a motion to reconsider the court's January 25, 2008 order imposing penalties. The motion was filed by Defendant Reliance Standard Life Insurance Company ("Defendant") on February 4, 2008.

## FACTUAL AND PROCEDURAL BACKGROUND

This is an Employee Retirement Income Security Act ("ERISA") case. On September 12, 2007, the court reversed and remanded Defendant's decision to deny Plaintiff short-term disability benefits "with instructions for Defendant to reopen Plaintiff's appeal for the limited purpose of considering her already-proffered rebuttal evidence." (Order and Memorandum of Decision [filed Sep. 12, 2007].) On January 24, 2008, Plaintiff filed a motion for an order to show cause for Defendant's failure to timely render the benefit determination and for imposition

of regulatory penalties pursuant to 29 U.S.C. § 1132(c).  (Pl.'s Mot. for Order to Show Cause and for the Imposition of Regulatory Penalties [filed Jan. 24, 2008].)  On January 25, 2008, the court granted Plaintiff's motion ordering Defendant (1) to show cause within fifteen days of the order "why the Court should not default the Defendant for its failure to timely render a benefit determination," (2) to "pay statutory penalties," and (3) to "pay Plaintiff reasonable attorneys' fees incurred in preparing her motion to Show Cause."  (Show Cause Order and Order re Penalties [filed Jan. 25, 2008] [hereinafter "Order"].

On February 4, 2008, Defendant filed a motion for reconsideration arguing that the court should vacate the Order because (1) Defendant had mailed and faxed the decision letter to Plaintiff's counsel on January 15, 2008, to an address it later discovered was old, (2) 29 U.S.C. § 1132(c) does not apply to Defendant because it is not the Plan Administrator, and (3) a decision on a claim is not included in the list of documents that are subject to the disclosure requirement pursuant to ERISA.  (Reliance Standard Life Ins. Co.'s Mot. for Relief from the Court's Jan. 25, 2008 Order Imposing Penalties, and Mem. Br. in Supp. Thereof [filed Feb. 4, 2008] [hereinafter "Def.'s Br."].)

On February 19, 2008, Plaintiff responded, attaching the affidavit of Ann Bremer, an employee of Plaintiff's counsel's old office, stating that her office never received the decision letter.  (Pl.'s Resp. to Reliance's Mot. for Relief from the Courts [sic] Jan. 25, 2008 Order [filed Feb. 19, 2008] [incorporating Pl.'s Reply in Supp. of Mot. for Order to Show Cause and for Imposition of Statutory Penalties (filed Feb. 19, 2008)] [hereinafter collectively "Pl.'s Resp."].)

Plaintiff also states that the decision letter of January 15, 2008, attached to Defendant's brief did not have the correct street number — 333 versus 3333, and more specifically argues that:

> because of the distinct possibility that the January 15, 2008 denial letter was actually prepared on a different date, then back-dated to January 15, 2008, Plaintiff seeks to have Reliance (1) send Plaintiff a copy of the MacGuire[1] report; (2) provide a copy of some kind of proof of fax transmission to 303-871-2501 on January 15, 2008, (3) state whether Reliance received the denial letter back in the mail from "333 South Bannock22" and (4) produce the return envelope.

(*Id*. at 3–4.) Plaintiff also argues that imposing penalties against Defendant was proper pursuant 29 U.S.C. §§ 1132(c) and 1133 because Defendant (1) was required to make a decision within forty five days and did not, (2) "identified itself as the administrator in the administrative record," and (3) "had all of the real control." (*Id.* at 4–6.) Defendant did not file a reply brief.

## ANALYSIS

### 1. *Legal Standard*

A motion for reconsideration is appropriate under Rule 60(b), which states that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; (6) any other reason that justifies relief.

---

[1] Dr. Anne MacGuire is an independent Board Certified Rheumatologist who reviewed Plaintiff's record. (*See* Def.'s Br., Ex. A at 3 [the Jan. 15, 2008 decision letter].)

Fed. R. Civ. P. 60(b). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

*2.    Evaluation*

Defendant argues that 29 U.S.C. § 1132(c) only permits a statutory penalty against Plan Administrators. (Def.'s Br. at 3.) Since Defendant is not the Plan Administrator, as defined by ERISA, it should not have been subjected to penalties under section 1132(c). (*Id.*)

*a.    Applicability of 29 U.S.C. § 1132(c)*

*i.    Plan Administrator*

Pursuant to section 1132(c): "Any administrator who fails or refuses to comply with a request for any information . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal . . ." 29 U.S.C. § 1132(c)

Plaintiff argues that section 1132(c) applies to Defendant because the statute uses the term "any administrator" instead of "plan administrator." (Pl.'s Resp. at 5.) The court disagrees. The Tenth Circuit has already held that section 1132 only refers to the plan administrator's duties. *Walter v. Int'l Ass'n of Machinists Pension Fund*, 949 F.2d 310, 315 (10th Cir. 1991); *McKinsey v. Sentry Ins.*, 986 F.2d 401, 403 (10th Cir. 1993). Therefore, the question before the court is whether Defendant is a plan administrator pursuant to ERISA.

ERISA defines the plan "administrator" as:

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
> (ii) if an administrator is not so designated, the plan sponsor; or
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A). ERISA defines the "plan sponsor" as:

> (i) the employer in the case of an employee benefit plan established or maintained by a single employer, (ii) the employee organization in the case of a plan established or maintained by an employee organization, or (iii) in the case of a plan established or maintained by two or more employers or jointly by one or more employers and one or more employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties who establish or maintain the plan.

*Id.* § 1002(16)(B).

Plaintiff, in her complaint, expressly states that the disability plan is funded and underwritten by Defendant but administered and sponsored by Analex. (Compl. ¶¶ 5–6.) Although, in her response brief, Plaintiff argues that Defendant is the Plan Administrator, she provides no evidence that could prove that Defendant is a Plan Administrator as defined by ERISA, relying solely on a letter in the administrative record.[2] (*See* Pl.'s Resp. at 4.) Therefore, in light of Plaintiff's plain admission to the contrary, the court declines to consider this argument. *See Ayon v. Gourley,* 47 F. Supp. 2d 1246, 1254 (D.Colo. 1998) ("the factual statements in the original complaint would be considered judicial admissions.").

---

[2] In a letter to Plaintiff, dated May 25, 2005, Defendant stated: "Reliance Standard Life Insurance Company is responsible for administering your Company's Long Term Disability (LTD) plan." (Admin. Rec. at 68.)

### ii. De Facto *Plan Administrator*

Alternatively, Plaintiff asserts that Defendant has all the real control and Analex is only the plan administrator in name and argues that "the court may look beyond the specific designation in the plan instrument to determine what entity actually controls the plan administration." (*Id*. at 4–5.) However, the Tenth Circuit, in *McKinsey*, considered and rejected this argument as well. 986 F.2d at 404.

In *McKinsey*, the plaintiff "relied on the First Circuit's opinion in *Law v. Ernst & Young*, 956 F.2d 364 (1st Cir.1992), for his argument that Mr. Noel was the plan administrator 'in name only' and Sentry was the 'de facto' administrator." *Id.* The First Circuit held that

> although the Retirement Committee for Arthur Young, the predecessor to Ernst & Young, was specifically designated as the administrator under the pension plan, based on a "plethora of evidence indicating Arthur Young had assumed and controlled the plan administrator's function of furnishing required information in response to a plan beneficiary's request," 956 F.2d at 372, Arthur Young, itself, could be held liable as the '*de facto*' plan administrator under § 1132(c), *id*. 956 F.2d at 374.

*Id.* The Tenth Circuit, however, in light of the plain language of the statute rejected this expansive definition of plan "administrator" advanced by the First Circuit and concluded "that because Sentry was not the administrator designated by the SERP, plaintiff could not assert a § 1132(c) claim against Sentry." *Id.*.2d at 405 (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117, 109 S.Ct. 948, 957 [1989] [rejecting appellate court's interpretation of the term "participant" under ERISA because "it strays far from the statutory language"]; *Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1533, 1537 [10th Cir. 1993] [basing determination of who is a "participant" under ERISA on conventional meaning of statutory language despite plaintiffs'

argument that defining the term in such a way as to exclude them would leave plaintiffs without a remedy].).

Based on the forgoing, the court agrees with Defendant that because it is not the Plan Administrator section 1132(c) could not have formed the basis for Plaintiff's claim against Defendant for penalties. Moreover, because this finding resolves the issue of the appropriateness of granting Plaintiff penalties under section 1132(c), the court does not need to address Defendant's alternative argument addressing this same issue, *i.e.*, "a decision on a claim is not included in the list of documents that are subject to the disclosure requirement," (*see* Def.'s Br. at 6.).

### b. *The January 15, 2008, Decision Letter*

Defendant also requested the court to vacate the portion of the Order obliging Defendant to show cause for its failure to render timely a benefit determination. (Def.'s Br. at 2.) Defendant argued that the decision was issued, mailed, and faxed to Plaintiff on January 15, 2008 — although, Defendant later found out that it was sent to an old address. (*Id*.) In support of this argument, Defendant attached a copy of the alleged January 15, 2008 decision letter. (Def.'s Br. Ex. A [01/15/08 decision letter].) However, it failed to provide any evidence of foundation or authenticity for this exhibit, *e.g.*, a supporting affidavit from anyone with personal knowledge of facts contained therein. (*See id*.)

As mentioned above, Plaintiff responded that "because of the distinct possibility that the January 15, 2008 denial letter was actually prepared on a different date, then back-dated to January 15, Plaintiff seeks to have Reliance (1) send Plaintiff a copy of the MacGuire report; (2)

provide a copy of some kind of proof of fax transmission to 303-871-2501 on January 15, 2008, (3) state whether Reliance received the denial letter back in the mail from '333 South Bannock22,' and (4) produce the return envelope." (Pl.'s Resp. at 3–4.)

Defendant failed to exercise its opportunity to file a reply brief and provide competent evidence to prove that the decision letter was in fact issued and sent to Plaintiff on January 15, 2008 and that as a result, Plaintiff had no reason to file a motion to show cause. Therefore, the court denies the portion of Defendant's motion requesting the court to vacate the award of reasonable attorneys' fees incurred in preparing her motion to show cause.

3. *Conclusion*

Based on the forgoing it is therefore ORDERED that Defendant's motion for an order to grant relief from the court's January 25, 2008, order imposing penalties (# 37) is GRANTED in part and DENIED in part, and the portion of the court's January 25, 2008 order imposing statutory penalties is VACATED.

Dated this 23rd day of July, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge